UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA WHITE, et al.,<br><br>            Plaintiffs,<br><br>        v.<br><br>SOCIAL SECURITY ADMINISTRATION, et al.,<br><br>            Defendants. | Case No.  14-cv-05604-JST<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: ECF No. 15 |

Before the Court is a motion to dismiss filed by Defendants the United States of America, the Social Security Administration ("SSA"), and Ryan Luis, ECF No. 15, and Defendants' Request for Judicial Notice, ECF No. 15-1.  For the reasons set forth below, the Court will grant the motion to dismiss and the request for judicial notice.

I.      **BACKGROUND**

A.      **Factual Allegations**

For the purposes of deciding this motion to dismiss, the Court accepts as true the following allegations from Plaintiffs' complaint.  ECF No. 1.

On April 5, 2013, Plaintiff Ms. Lisa White went to the SSA office in Walnut Creek, California, to apply for a new social security number for her adopted son, Plaintiff J.W.  Compl. ¶ 10.  She met with Defendant Ryan Luis, an employee of the Social Security Administration, who made photocopies of Ms. White's driver's license and J.W.'s adoption order and reissued birth certificate.  Id. ¶¶ 11, 13.  Luis also wrote down Ms. White's social security number and Plaintiff Mr. Jodie White's social security number and driver's license number.  Id. ¶ 15.  He gave Ms. White a receipt of the meeting, and advised her to return to the SSA office in a few days to inquire about the status of her request.  Id. ¶ 16.

When Ms. White returned to the SSA office on April 8, 2013, an SSA employee informed

her that her request for a new social security number for J.W. had not been processed, and that SSA employees are not authorized to make copies of driver's licenses, birth certificates, and other personal documents. Id. ¶¶ 17-18.  Although Ms. White attempted to contact Luis by telephone to discuss her application during the days following their April 5, 2013, meeting, he did not respond to her calls. Id. ¶ 19.  On April 9, 2013, Mr. White applied for a new social security number for J.W. at the Antioch SSA office. Id. ¶ 20.  SSA employees did not copy Plaintiffs' driver's licenses, adoption documents, or birth certificates in order to process Mr. White's request. Id.

Within one week of Ms. White's April 5, 2013, visit to the SSA office, a series of fraudulent, unauthorized transactions occurred under Plaintiffs' names, including attempts to open several store accounts and credit cards. Id. ¶¶ 21-22.  In or around April or May 2013, an unauthorized party attached a Social Security Disability Status to Ms. White's social security number. Id. ¶ 30.  In May and July 2013, the Mount Diablo Unified School District notified Mr. and Ms. White that J.W. had been approved for the free lunch program and registered as a foster child and/or welfare recipient. Id. ¶¶ 31-32.  Finally, sometime during 2013, Mr. and Ms. White received notice that an unauthorized additional party had been added as a mortgagee to a rental property they own. Id. ¶ 33.

The identifying information used in these transactions is not readily available to the general public. Id. ¶ 23.  A professional examination of the Plaintiffs' personal computer indicated that it had not been hacked or otherwise compromised. Id. ¶ 27.  Mr. and Ms. White reported the identity theft to the Pittsburg and Walnut Creek Police Departments on or about April 20, 2013, and continued to communicate with law enforcement about the problem. Id.  ¶¶ 25-26, 28-29, 34.  During a May 22, 2013, meeting with F.B.I. Special Agent N. Doss and SSA Office of the Inspector General Special Agent Jared Ueda concerning her identity theft issue, Ms. White identified Luis in a photograph, and Doss indicated that Luis had multiple aliases and an alleged criminal background. Id. ¶ 29.

**B.     Procedural History**

Plaintiffs filed their complaint against Defendants the United States of America, the Social Security Administration, and Ryan Luis on December 23, 2014.  The complaint alleges the

following causes of action: (1) negligent retention; (2) negligent supervision; (3) negligent hiring; (4) conversion; (5) fraud; (6) invasion of privacy; (7) negligence; (8) negligent infliction of emotional distress; (9) intentional infliction of emotional distress; and (10) respondeat superior. Id. ¶¶ 35-81.  The complaint asserts that this Court has jurisdiction pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. sections 1346(b), 2671-80.  Id. ¶ 1.

On April 1, 2015, Defendants filed the instant motion to dismiss the complaint and a request that the Court take judicial notice of certain SSA policy documents available on the SSA website.  ECF Nos. 15, 15-1.  Defendants also filed a certification pursuant to 28 U.S.C. section 2679(d) that Luis was acting within the scope of his employment with the SSA at all times material to the alleged incidents described in the complaint, which is signed by the Chief of the Civil Division of the United States Attorney's Office for the Northern District of California.  ECF No. 15-2.  Plaintiffs oppose the motion to dismiss and request for judicial notice, and object to two declarations filed by Defendants in connection with their reply brief.  ECF Nos. 19, 20, 23, 24. The Court will first address Defendants' request for judicial notice and Plaintiffs' objections to the declarations, before turning to the motion to dismiss.

## II.    REQUEST FOR JUDICIAL NOTICE

Defendants request that the Court take judicial notice of five SSA policy documents available on the SSA website.  ECF No. 15-1.  Plaintiffs object that the "unverified website pages" are not proper subjects of judicial notice; that granting Defendants' request would preclude Plaintiffs from producing evidence contrary to the policies stated on the website; and that these policies are not relevant in any event because the alleged misconduct occurred before their effective dates.  ECF No. 20.

Pursuant to Rule 201(b) of the Federal Rules of Evidence, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  The Court "must take judicial notice if a party requests it and the court is supplied with the necessary information."  Fed. R. Evid. 201(c).

The Court concludes that these documents are proper subjects of judicial notice and grants

1   Defendants' request.  See Gustavson v. Mars, Inc., No. 13-cv-04537-LHK, 2014 WL 2604774, at

2   *3 n.1 (N.D. Cal. June 10, 2014) (granting request for judicial notice "because these documents

3   are readily available on a government agency website").  The Court notes that this decision does

4   not preclude Plaintiffs from presenting evidence suggesting that the SSA policies outlined in these

5   documents are not followed, that the policies have changed or are in flux, or that additional,

6   contradictory SSA policies exist, including by presenting a "testimonial admission from an SSA

7   employee stating that SSA policies did not permit photocopying and retaining documents with

8   confidential information from members of the general public."  See ECF No. 20 at 2.  With respect

9   to Plaintiffs' argument that the materials are not relevant because their effective dates postdate the

10  time period at issue, the Court notes that three of the five documents have effective dates earlier

11  than April 2013, see ECF No. 15-1 Exs. B, C, and D, and concludes that policies that postdate the

12  events described in the complaint are still relevant within the meaning of Federal Rule of Evidence

13  401.

### III.    OBJECTIONS TO DECLARATIONS

15          Plaintiffs have filed objections to the Declaration of Stacy Shipman in Support of

16  Defendants' Motion to Dismiss and the Declaration of Maria Daghlian in Support of Defendants'

17  Motion to Dismiss.  ECF Nos. 23, 24.  In these declarations, SSA employees discuss Luis's

18  personnel file and the SSA Office of the Inspector General investigation concerning Plaintiffs'

19  allegations.  ECF Nos. 21-1, 21-2.  Both declarations were filed with Defendants' Reply Brief.  Id.

20          Plaintiffs' primary objection is that "the appropriate standards for determining the Motion

21  to Dismiss are those under Federal Rule of Procedure 12(b)(6) which do not permit extrinsic

22  evidence."  ECF Nos. 23, 24.  "As a general rule, a district court may not consider any material

23  beyond the pleadings in ruling on a Rule 12(b)(6) motion."  Lee v. City of Los Angeles, 250 F.3d

24  668, 688 (9th Cir. 2001) (internal quotation marks omitted).  There are two exceptions to this rule,

25  for materials properly submitted as part of the complaint and judicially noticed facts, but these

26  exceptions do not apply here.  See id. at 688-89.  On the other hand, "when considering a motion

27  to dismiss pursuant to Rule 12(b)(1) the district court is not restricted to the face of the pleadings,

28  but may review any evidence, such as affidavits and testimony, to resolve factual disputes

United States District Court
Northern District of California

4

concerning the existence of jurisdiction." <u>McCarthy v. United States</u>, 850 F.2d 558, 560 (9th Cir. 1988).  The Court may therefore consider these declarations, but only to the extent they are relevant to resolving the parties' disputes concerning jurisdiction.[1]

Plaintiffs also object that statements in these declarations are inadmissible because they are vague and ambiguous, lack foundation, and are inadmissible hearsay.  ECF Nos. 23, 24. The Court has not considered these declarations because they are unnecessary to the Court's resolution of the jurisdictional questions at issue.  Also, the Court generally will not consider new evidence presented for the first time in a reply brief.  <u>In re Hansen Natural Corp. Sec. Litig.</u>, 527 F. Supp. 2d 1142, 1150 (C.D. Cal. 2007).  Accordingly, the Court does not reach Plaintiffs' objections.

## IV.    MOTION TO DISMISS

### A.    Legal Standard

#### 1.    Federal Rule of Civil Procedure 12(b)(1)

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  A defendant may raise the defense of lack of subject-matter jurisdiction by motion pursuant to Federal Rule of Civil Procedure 12(b)(1).  The plaintiff always bears the burden of establishing subject-matter jurisdiction.  <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994).  "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction."  <u>Savage v. Glendale Union High School</u>, 343 F.3d 1036, 1039 n.2 (9th Cir.  2003).

#### 2.    Federal Rule of Civil Procedure 12(b)(6)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and

---

[1] For the same reason, the Court may consider the Declaration of Lisa White in Support of Plaintiffs' Opposition to Defendants' Motion to Dismiss, ECF No. 19-1, which was submitted to the Court with Plaintiffs' opposition brief, only in determining whether the Court has subject matter jurisdiction over the claims alleged.

the grounds upon which it rests." Fed R. Civ. P. 8(a)(2); Bell Atl. Corp. v. Twombly, 550 U.S.

544, 555 (2007).  "To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal,

556 U.S. 662, 678 (2009) (internal quotation marks omitted).  "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." Id.  The Court must "accept all factual

allegations in the complaint as true and construe the pleadings in the light most favorable to the

nonmoving party." Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005).

### B.      Discussion

#### 1.      Claims against the SSA and Ryan Luis

Defendants argue first that Plaintiffs' claims against the SSA and Luis should be dismissed

because the United States is the only proper defendant in an FTCA action.  ECF No. 15 at 6.

"The FTCA 'waives the sovereign immunity of the United States for actions in tort' and

'vests the federal district courts with exclusive jurisdiction over suits arising from the negligence

of Government employees.'" Valadez-Lopez v. Chertoff, 656 F.3d 851, 855 (9th Cir. 2011)

(quoting Jerves v. United States, 966 F.2d 517, 518 (9th Cir. 1992)).  The United States is the

"sole party which may be sued for personal injuries arising out of the negligence of its employees.

Individual agencies of the United States may not be sued." Allen v. Veterans Admin., 749 F.2d

1386, 1388 (9th Cir. 1984) (internal citations omitted); see 28 U.S.C. § 2679(a).  The FTCA

remedy against the United States is also "exclusive of any other civil action or proceeding for

money damages by reason of the same subject matter against the employee whose act or omission

gave rise to the claim." 28 U.S.C. § 2679(b).

> Upon certification by the Attorney General that the defendant
> employee was acting within the scope of his office or employment at
> the time of the incident out of which the claim arose, any civil action
> or proceeding commenced upon such claim in a United States
> district court shall be deemed an action against the United States
> under the provisions of this title and all references thereto, and the
> United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(1).  "Liability is determined by the tort law of the state where the claim

arose." Gasho v. United States, 39 F.3d 1420, 1427 (9th Cir. 1994); see 28 U.S.C. § 1346(b).

United States District Court
Northern District of California

1    Plaintiffs do not argue that their claims against the SSA should not be dismissed.  See ECF

2    No. 19 at 9-11.  They do, however, contend that Luis is a proper Defendant, because his

3    intentional and fraudulent actions, taken in violation of SSA policies, exceeded the scope of his

4    authority, and the ultra vires exception to sovereign immunity therefore applies.  Id. (citing United

5    States v. Yakima Tribal Court, 806 F.2d 853 (9th Cir. 1986)).

6    Plaintiffs correctly argue that the section 2679(d) certification that Luis was acting within

7    the scope of his employment with the SSA at all times material to the alleged incidents described

8    in the complaint, ECF No. 15-2, "does not conclusively establish as correct the substitution of the

9    United States as defendant in place of the employee."  ECF No. 19 at 21 (quoting Gutierrez de

10   Martinez v. Lamagno, 515 U.S. 417, 434 (1995)).  But "the party seeking review [of the Attorney

11   General's certification] bears the burden of presenting evidence and disproving the Attorney

12   General's decision to grant or deny scope of employment certification by a preponderance of the

13   evidence."  Jackson v. Tate, 648 F.3d 729, 732 (9th Cir. 2011).  "When the plaintiff challenges the

14   Attorney General's scope of employment certification, '[t]he United States . . . must remain the

15   federal defendant in the action unless and until the District Court determines that the employee, in

16   fact, and not simply as alleged by the plaintiff, engaged in conduct beyond the scope of his

17   employment."  Id. at 732-33 (quoting Osborn v. Haley, 549 U.S. 225, 231 (2007)) (emphasis and

18   alterations in original).

19   Because Plaintiffs have presented no evidence, as opposed to allegations, that might

20   disprove the Attorney General's certification, at this time the United States "must remain the

21   federal defendant in the action."  Id. at 732; see ECF No. 19 at 10-11.  In addition, Court notes that

22   the complaint explicitly alleges that "[a]t all relevant times, Defendant Ryan Luis acted as an agent

23   and employee of the United States of America, specifically the Social Security Administration,

24   and in doing the acts alleged, was acting within the course and scope of such agency and

25   employment."  Compl. ¶ 6.  Accordingly, the claims against both the SSA and Luis will be

26   dismissed.[2]

27   _____

28   [2] In their opposition to Defendants' motion to dismiss, Plaintiffs request that the Court determine
     whether Luis was acting within the scope of his employment in engaging in the conduct alleged,

United States District Court
Northern District of California

United States District Court
Northern District of California

### 2.     Respondeat Superior

Defendants argue that because the FTCA permits suit against the United States for the tortious activities of a federal employee acting within the scope of his office or employment, the Court need not separately address respondeat superior liability and the tenth cause of action in the complaint should therefore be dismissed.  ECF No. 15 at 7 n.3.  Plaintiffs have presented no argument in opposition.  The tenth cause of action is dismissed.

### 3.     Negligent Retention, Negligent Supervision, and Negligent Hiring

Defendants argue that Plaintiffs' negligent retention, negligent supervision, and negligent hiring claims are barred by the discretionary function exception to the FTCA.  ECF No. 15 at 7.  This exception "precludes claims against the United States which are 'based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion was abused.'"  Nurse v. United States, 226 F.3d 996, 1001 (9th Cir. 2000) (quoting 28 U.S.C. § 2680(a)).  "If the asserted liability falls within an exception to the FTCA, then the claims must be dismissed for lack of subject matter jurisdiction."  Bibeau v. Pac. Nw. Research Found., 339 F.3d 942, 945 (9th Cir. 2003).

To determine whether the discretionary function exception applies, a court must first "determine whether the challenged conduct involves an element of judgment or choice."  Nurse, 226 F.3d at 1001 (citing Berkovitz v. United States, 486 U.S. 531, 536 (1988)).  If the conduct does involve some element of choice, the court must then determine "whether the conduct implements social, economic, or political policy considerations."  Id. (citing Gasho, 39 F.3d at 1435).  The challenged decision "need not actually be grounded in policy considerations" in order to be protected from suit, as long as it is "by its nature, susceptible to a policy analysis."  Miller v. United States, 163 F.3d 591, 593 (9th Cir. 1998).  While the burden of establishing that the

---

and suggest that the Court authorize limited discovery on this issue and conduct an evidentiary hearing.  ECF No. 19 at 21.  Because Plaintiffs do not actually allege in their complaint that Luis sold, transferred, or improperly shared their personal information (as discussed further *infra*), and because the Plaintiffs will be given an opportunity to amend their complaint, the Court concludes that discovery and a hearing are not necessary at this time.

discretionary function exception applies falls on the United States, "a plaintiff must advance a claim that is facially outside the discretionary function exception in order to survive a motion to dismiss." <u>Prescott v. United States</u>, 973 F.2d 696, 702 & n.4 (9th Cir. 1992).

The Ninth Circuit has held that "allegedly negligent and reckless employment, supervision and training" of government employees "fall squarely within the discretionary function exception." <u>Nurse</u>, 226 F.3d at 1001. "[T]he decision of whether and how to retain and supervise an employee, as well as whether to warn about his dangerous proclivities, are the type of discretionary judgments that the exclusion was designed to protect." <u>Doe v. Holy See</u>, 557 F.3d 1066, 1084 (9th Cir. 2009) (applying FTCA case law in interpreting the Foreign Sovereign Immunities Act's discretionary function exclusion). The complaint does not allege that any SSA policy precluded agency employees from exercising their judgment in hiring, supervising, and retaining Luis, even if, as the complaint alleges, Defendants "knew or should have known that Ryan Luis was unfit for the job, and that his unfitness for the job created a particular risk to others," presumably because of his "alleged criminal background." Compl. ¶¶ 29, 43; <u>see Xue Lu v. Powell</u>, 621 F.3d 944, 950 (9th Cir. 2010) (discretionary function exception applies to negligent retention claim where plaintiffs had not identified any mandatory duty to discipline employee who violated agency regulations). Therefore these claims, as alleged, are barred by the discretionary function exception and will be dismissed.

### 4. Fraud

As Plaintiffs acknowledge, the FTCA contains an exception to the waiver of sovereign immunity for "[a]ny claim arising out of . . . misrepresentation, deceit, or interference with contract rights," 28 U.S.C. § 2680(h). ECF No. 19 at 14. This exception bars Plaintiffs' fraud claim against the United States. Plaintiffs argue that the exception "does not preclude an action against Mr. Luis in his individual capacity for acts committed outside the course and scope of employment." ECF No. 19 at 14. However, because the Court has determined that the United States is the only proper Defendant at this time, this claim must be dismissed.

### 5. Conversion

To establish conversion, a plaintiff must show "ownership or right to possession of

United States District Court
Northern District of California

property, wrongful disposition of the property right and damages." <u>Kremen v. Cohen</u>, 337 F.3d

1024, 1029 (9th Cir. 2002).  Defendants argue that Plaintiffs have failed to state a claim for

conversion both because Plaintiffs' personal identifying information does not constitute Plaintiffs'

"property," and because the conclusory allegation that Defendants "intentionally and substantially

interfered with Plaintiffs' identities, personal and financial data and creditworthiness by taking

possession, using and converting such tangible and intangible personal property and information"

does not meet the pleading standards of Federal Rule of Civil Procedure 8.  ECF No. 15 at 9-10;

<u>see</u> Compl. ¶ 52.

   "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." <u>Iqbal</u>, 556 U.S. at 678

(internal quotation marks omitted).  "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." <u>Id.</u>  This plausibility standard "asks for more than a sheer possibility

that a defendant acted unlawfully." <u>Id.</u>  "Where a complaint pleads facts that are 'merely

consistent with' a defendant's liability, it 'stops short of the line between possibility and

plausibility of entitlement to relief.'" <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 557).

   Here, Plaintiffs allege that Luis had access to their personally identifying information, that

he took photocopies of personal documents, that within one week of Ms. White's meeting with

Luis, "unauthorized parties" began a series of fraudulent transactions using Plaintiffs' personally

identifying information, and that a professional examination suggested that Plaintiffs' computer

had not been hacked.  But the complaint does not state how Defendants took possession, used, or

converted Plaintiffs' personal property.  It does not allege, for example, that Luis personally

participated in any of the unauthorized transactions, or that he sold or disclosed Plaintiffs'

personally identifying information to a third party.  The allegation that F.B.I. Special Agent N.

Doss "indicated to the parties that Defendant Ryan Luis had multiple aliases and alleged criminal

background," also does not link him to any misuse of Plaintiffs' identifying information.  <u>See</u>

Compl. ¶ 29.

   The complaint does state that, "On information and belief, Defendant Ryan Luis was the

United States District Court
Northern District of California

10

only person with access to the full and complete identification of all Plaintiffs at the same time."
Compl. ¶ 24.  But Defendants are correct that the allegation that Plaintiffs' personal information —
including social security numbers, driver's license numbers, dates of birth, and addresses — either
does not exist in any other location, such as the internet, public databases, or store, hospital,
company, or financial databases, or that those locations are not susceptible to unauthorized access,
is implausible.  The Court is not "required to accept as true allegations that are merely conclusory,
unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors,
266 F.3d 979, 988 (9th Cir. 2001), opinion amended on other grounds, 275 F.3d 1187 (9th Cir.
2001).

Because the complaint does not allege sufficient facts to allow the Court to draw the
reasonable inference that Defendants were involved in the alleged conversion, this claim will be
dismissed.  The Court therefore need not address Defendants' argument that personally identifying
information is not "property" for the purpose of stating a claim for conversion.

### 6.   Invasion of Privacy

Plaintiffs allege that "Defendants, by requesting and obtaining personal and confidential
information under false pretenses, intentionally intruded into Plaintiffs [sic] private matters," and
that this "was an invasion and intrusion into Plaintiffs' private life."  Compl. ¶¶ 64-65.

To establish a claim under the California Constitutional right to privacy, a plaintiff must
demonstrate: "(1) a legally protected privacy interest; (2) a reasonable expectation of privacy
under the circumstances; and (3) conduct by the defendant that amounts to a serious invasion of
the protected privacy interest."  Low v. LinkedIn Corp., 900 F. Supp. 2d 1010, 1024 (N.D. Cal.
2012) (citing Hill v. Nat'l Collegiate Athletic Ass'n, 7 Cal. 4th 1, 35-37 (1994).  "Actionable
invasions of privacy must be sufficiently serious in their nature, scope, and actual or potential
impact to constitute an egregious breach of the social norms underlying the privacy right."  Hill, 7
Cal. 4th at 37.  To state a common law invasion of privacy tort claim, a plaintiff must allege
"(1) intrusion into a private place, conversation or matter (2) in a manner *highly offensive to a*
*reasonable person*."  Low, 900 F. Supp. 2d at 1025 (citing Shulman v. Group W Prods., Inc., 18
Cal. 4th 200, 231 (1998).  Both the "California Constitution and the common law set a high bar for

United States District Court
Northern District of California

11

1    an invasion of privacy claim.  Even disclosure of personal information, including social security

2    numbers, does not constitute an 'egregious breach of social norms' to establish an invasion of

3    privacy claim."  Id. (collecting cases).

4         Here, Plaintiffs have alleged only that Luis requested and obtained personal information

5    from Ms. White, and that he photocopied Plaintiffs' identity documents even though, according to

6    another SSA employee, he was not authorized to do so.[3]  Plaintiffs' opposition states that Plaintiffs

7    "have alleged actual identity theft," and that "Mr. Luis, while acting in the scope of his

8    employment, obtained and distributed personal information about Plaintiffs, for his own gain

9    and/or the gain of others."  ECF No. 19 at 16.  But these allegations do not appear in the

10   complaint.  The allegation that Luis made unauthorized photocopies of identity documents,

11   without any allegation that he sold, distributed, or otherwise improperly used the information,

12   does not rise to the level of a "highly offensive disclosure of information or a 'serious invasion' of

13   a privacy interest."  Low, 900 F. Supp. 2d at 1025; see also In re iPhone Application Litig., 844 F.

14   Supp. 2d 1040, 1063 (N.D. Cal. 2012) (disclosure to third parties of "unique device identifier

15   number, personal data, and geolocation information from Plaintiffs' iDevices . . . does not

16   constitute an egregious breach of social norms"); Ruiz v. Gap, Inc., 540 F. Supp. 2d 1121, 1127-

17   28 (N.D. Cal. 2008), aff'd 380 Fed. App'x 689 (9th Cir. 2010) (allegation that Defendant had

18   created an increased risk of identity theft where retail store's laptop containing personal

19   information, including the social security numbers, of job applicants was stolen did not constitute

20   an egregious breach of privacy and therefore was not sufficient to state a claim for the California

21   Constitutional right to privacy); Kinsey v. Macur, 107 Cal. App. 3d 265, 270 (1980) (except in

22   cases involving physical intrusion, the common law invasion of privacy tort "must be

23   accompanied by publicity in the sense of communication to the public in general or to a large

24   number of persons as distinguished from one individual or a few").

25

26   _____

27   [3] This allegation is undermined by the SSA "Policy for returning documents submitted for an SSN
     card," effective February 14, 2012, which states that SSA employees processing social security
28   card applications should "make clear photocopies of the [evidence] documents to keep with the
     pending [social security number] application" when documents must be verified by the issuing
     agency.  ECF No. 15-1 Ex. C.

United States District Court
Northern District of California

1    Because Plaintiffs have not alleged facts sufficient to state a claim for invasion of privacy,

2    this claim will also be dismissed.

3            **7.    General Negligence**

4            The elements of a cause of action for negligence in California are: (1) a legal duty to use

5    due care; (2) a breach of that legal duty; and (3) the breach was the proximate or legal cause of the

6    resulting injury." Ladd v. Cnty. of San Mateo, 12 Cal. 4th 913, 917-18 (1996).  Defendants argue

7    that Plaintiffs' negligence claim must be dismissed because they have not adequately alleged a

8    duty, a breach, or proximate cause.  ECF No. 15 at 12-14.  Because the Court concludes that

9    Plaintiffs have not adequately alleged causation, it need not address the elements of duty or

10   breach.

11           The complaint contains conclusory allegations that "Defendants negligently represented,

12   handled, stored, divulged, obtained, disclosed, used, or otherwise revealed Plaintiffs' personal

13   information to others, as identified in this Complaint," and that "[a]s a proximate result of

14   Defendants' negligent conduct, Plaintiffs have been damaged in an amount to be determined at

15   trial."  Compl. ¶¶ 68, 70.  But, as discussed above, the factual allegations in the complaint state

16   only that Luis took photocopies of personal documents and that an unnamed SSA employee stated

17   that taking such photocopies is contrary to SSA policy.  It does not allege that Luis engaged in any

18   unauthorized transactions using Plaintiffs' information or that he shared the information with

19   others.  Because the complaint makes no causal connection between Luis's alleged actions and

20   Plaintiffs' injuries as victims of identity theft, the negligence claim must be dismissed, even

21   assuming that Plaintiffs have adequately alleged duty and breach.  See Iqbal, 556 U.S. at 678 (the

22   plausibility standard "asks for more than a sheer possibility that a defendant has acted

23   unlawfully").

24           **8.    Negligent Infliction of Emotional Distress**

25           In California, "there is no independent tort of negligent infliction of emotional distress."

26   Potter v. Firestone Tire & Rubber Co., 6 Cal. 4th 965, 984 (1993).  "The tort is negligence."  Id.

27   Accordingly, this claim is dismissed with prejudice as duplicative of Plaintiffs' negligence claim.

28

United States District Court
Northern District of California

### 9.        Intentional Infliction of Emotional Distress

The elements of a prima facie case for the tort of intentional infliction of emotional distress in California are: (1) outrageous conduct by the defendant; (2) the defendant's intention of causing or reckless disregard of the probability of causing emotional distress; (3) the plaintiff's suffering severe or extreme emotional distress; and (4) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.  Fletcher v. W. Nat'l Life Ins. Co., 10 Cal. App. 3d 376, 394 (1970).  To be "outrageous," conduct "must be so extreme as to exceed all bounds of that usually tolerated in a civilized society."  Trerice v. Blue Cross of California, 209 Cal. App. 3d 878, 883 (1989).  It must be "of a nature that is especially calculated to cause mental distress of a very serious kind."  Ess v. Eskaton Props., 97 Cal. App. 4th 120, 130 (2002). "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  Cochran v. Cochran, 65 Cal. App. 4th 488, 496 (1998).

The Court concludes that the alleged conduct is not sufficiently outrageous to state a claim for intentional infliction of emotional distress, and that this claim should be dismissed.  See Cochran, 65 Cal. App. 4th at 494.  The complaint contains the conclusory allegation that "Defendants' conduct alleged herein was outrageous."  Compl. ¶ 75.  But allegations that Luis made photocopies of identity documents and failed to return phone calls do not rise to the requisite level.  Plaintiffs contend that the complaint alleges that Mr. Luis "either directly or indirectly[] perpetrated identity theft against Plaintiffs" and "acted purposefully to abuse his employment with the SSA and distribute information that he received as an employee for purposes of committing the crime of identity theft."  ECF No. 19 at 19-20.  But these allegations do not appear in the complaint.

Because Plaintiffs do not allege outrageous conduct by Defendants, this claim is dismissed.

/ / /

/ / /

/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## CONCLUSION

For the foregoing reasons, the motion to dismiss is granted, and the complaint is dismissed with leave to amend, except for Plaintiffs' negligent infliction of emotional distress claim, which is dismissed with prejudice.  Plaintiffs may file an amended complaint by July 8, 2015.

IT IS SO ORDERED.

Dated:  June 23, 2015

_____
JON S. TIGAR
United States District Judge